Page number 075784 and page number 175785 shows the book, et al, versus Integrity Staffing Solutions, et al, argument not to be used in this case. Mr. Busk? Good morning, Your Honors. Joshua Buck on behalf of Appellants. I'd like to reserve three minutes of my time for rebuttal. You may. Your Honors, the District Court below erred by reading the Federal Portal to Portal Act into independent Nevada and Arizona state wage laws. And thus, erred by concluding that the time spent undergoing the mandatory anti-theft security screenings was not compensable. When we look at independent state law as Your Honors are charged with today, we must construe it according to how the state Supreme Courts in those particular states would rule on the appropriate issue. That's a difficult task before Your Honors, but that is what the Sixth Circuit has previously announced and is what this Court does when dealing with state law matters. Here, with respect to Nevada claims, the Nevada Supreme Court has been explicit in GoldenCoin, Dancer v. GoldenCoin, and Busher v. Shaw, Terry v. Sapphire, and the like, that the Nevada Supreme Court will construe its own independent wage laws separately from the FLSA when those statutes differ. And I'd like to point Your Honors to another case that was handed down in 2014 called Thomas v. Yellow Cab. Thomas v. Yellow Cab is particularly important in this context because in that case, the Nevada Supreme Court was construing whether or not to apply statutory minimum wage exemptions into the constitutional minimum wage amendment. And in refusing to do so, the Nevada Supreme Court stated at 521 in that opinion, that in our view, the district court and respondents' reading of the minimum wage amendment as allowing the legislature to provide for additional exceptions to Nevada's constitutional minimum wage, disregards the canon of construction, expressio unius, es exclusio alturius. The expression of one thing is the exclusion of the other. The reason why that is so important in this particular case is because the Nevada legislature in NRS 608.016 has specifically stated what activities are to be deemed non-compensable. And those are only certain periods of sleep time. In 016, the statute reads that except otherwise provided in the sleep time provision, an employer shall pay the employee wages for each hour the employee works. There is no portal-to-portal limiting language in the Nevada statutory scheme. The district court couldn't find any, and appellees cannot point to any limiting language with respect to leaving at the end of the day and undergoing an anti-theft screening that was set in place by the employer. Therefore, by reading the portal-to-portal act, which is a federal statute and a federal idea with respect to the FLSA, the district court erred. Indeed, Nevada and the Nevada wage and hour statutes have been in place since the early 1900s, preceding the FLSA. And they cover a wide range of themes that provide greater protections for employees than the FLSA. In Nevada, we have daily overtime. There is no daily overtime provision in the FLSA. In Nevada, we have minimum wage that is higher than the federal minimum wage, provided that the employer does not provide certain health care benefits. And in addition, particularly important here as well, is that under the Nevada minimum wage amendment, there are only three exceptions to whether an employee should be guaranteed the minimum wage. One, the person is under the age of 18. Two, the person is a trainee for no longer than 90 days. And another exemption, which is if an employee works for certain non-profits. The FLSA contains numerous exemptions to the minimum wage, over 10, which are not contained in the Nevada minimum wage amendment. If we're going to look at what the district court decided in its analysis by incorporating a federal idea into independent state law, the same would have to hold true for the minimum wage amendment. I.e., the court would have had to have read the federal minimum wage exemptions into Nevada's minimum wage amendment. But we know from Thomas B. Yellow Cab that that can't happen. And the Nevada Supreme Court has already said that when the legislature or the voters in the instance of a constitutional amendment, when they decide to put language into a particular statute or constitutional provision, that is what they intend to do. Do you have any case law that says what constitutes a state adopting the portal-to-portal statute for that state? Does the state, does there have to be an express adoption of the portal-to-portal act or there just has to be some argument by analogy? What's the applicable case law on that issue? Well, Your Honor, I'm not an expert in all 50 wage and hour statutes in all 50 states. I do know that certain states do explicitly adopt the FLSA and they explicitly adopt the federal statutory scheme. That clearly has not happened in Nevada, particularly since a lot of the statutes under NRS 608 were enacted prior to the FLSA's enactment in 1947. I can point you, however, to particular states close to Nevada, particularly in California and in Washington, which do not specifically adopt the FLSA and which have expressly declined in court cases to follow the portal-to-portal act. Precisely for the same reasons that I'm arguing here today under Nevada, that under these particular state statutes, they're independent, they're separate, they provide greater protections for employees, and thus they should not follow the portal-to-portal act when there is no language in the independent statute to suggest that limiting the compensability of certain time is appropriate. So if there's no express adoption of the portal-to-portal act, what are the criteria that we would apply to decide if the act has been adopted by implication or however way it has been made applicable by a particular state? I think the Nevada Supreme Court in Thomas clearly said you cannot apply it by implication. In that case, unless the statute or the legislature clearly indicates a willingness to adopt a certain provision, i.e., in that case, to adopt a certain exemption, then it's inappropriate for the court to read in an exemption. And here what we're talking about is we have numerous provisions in the Nevada Wage and Hour Codes that state that an employee shall be paid for all the time that they work. And the only exclusion under 016 is that time for certain periods of time for sleep. Given that, by having a court read in additional exemptions, I think usurps the legislature's sovereign right to be able to make the laws that they deem appropriate. In addition to Nevada, similarly, I'm arguing with respect to Arizona labor and employment laws as well. And the same analysis holds true for the Arizona statutory scheme as well. In Arizona, there are two regulations that are particularly appropriate, which we mentioned in our brief. One is which it states that an employee shall be paid for all the hours that the employee works. That can be found in R25 1202 subsection 9. And it states that this includes all time during which an employee is on duty. And then it goes on to define what on duty means. On duty means time spent working or waiting that the employer controls. And that the employee is not permitted to use for the employee's own purpose.  Where an employee at Amazon facility is not allowed to leave the facility until and unless he or she successfully passes through the anti-theft security screening, much like an airport security screening. The employee would clock out from his or her shift, then go and proceed to line up, and then undergo this security screening of removing any items from the person, belts, things like that, and passing through the metal detector. In the event that the employee is stopped, then the employee would have to go for a secondary screening. So under the facts of this particular case, the Arizona regulations apply because the employer has complete control over that employee, unless and until they pass through that screening. And in the agency determinations by the industrial commissioner in Arizona, they do mention that you should look to the federal regulations, but only where consistent with Arizona regulations. And this is in a complete inconsistency with the Arizona regulations. The Port of the Portal Act and Arizona's regulations with respect to hours worked and non-duty are diametrically opposed. Therefore, you don't look to federal law under Arizona either for construing whether or not this particular type of work activity should be deemed compensable. Well, what's your position on whether Arizona has adopted the federal work week requirement as a pleading standard for pursuing minimum wage claims? Your Honor is referring to this gap time notion under federal law. And again, what is important to note in the distinction between the federal law and the Arizona regulations and statutes is that it does refer to payment to an employee, payment in the minimum wage to the employee for all the hours that the employee works. There is no type of language in the FLSA providing for payment for all hours worked. And under the work week requirements, some of the case law that has come out, look to the failure to the FLSA to put in that provision of all hours worked as a justification for allowing an employer to average out the employee's wages over the course of a work week. Because we have specifically in the Arizona regulations an all hours worked provision, it's inappropriate to look at the entire work week in determining whether or not someone has been paid the minimum wages. And here it's undeniable these particular workers have not been paid any wages for that time spent going through the security screen. I see that my time is up for right now. Yeah, but I mean if we were to decide that we needed to look at the work week and see what the average minimum wage paid for that entire time, you wouldn't agree with that approach. I would not, Your Honor. But two points. One is in Nevada, it's a moot point in Nevada because Nevada has a separate I'm talking about with respect to Arizona. Okay, only with respect to Arizona. I respectfully disagree with that position. But I do understand that that is an argument that was raised by the defendant. All right. Thank you. Good morning. I'm Richard Rosenblatt of Morgan, Lewis, and Bacchius on behalf of Amazon. I'm splitting my time with Mr. Roscali, who represents Integrity Staffing. I do want to first answer Judge Clay's question about what the applicable case law is. And for Judge Batchelder, she may be thinking this is deja vu all over again because this is the Vance v. Amazon case. This case was decided by a 3-0 unanimous panel with Judge Batchelder on it just last year under Kentucky law. And the law in Nevada and Arizona is really the same in terms of the canons of statutory construction as it was under Kentucky law. And that specifically is where you have a state law that is modeled after a federal law. You follow the federal law unless there is some textual indication in the statute or in the legislative history that we're going to depart from the federal law. And in this particular case, the words that are at issue under the Arizona and Nevada laws are work and hours worked. The two most important words in both of those statutes. Just like they are the two most important words in the Federal Fair Labor Standards Act and they were the two most important words under the Kentucky statute. Wouldn't your argument be a little better if without a statutory amendment to the FSLA in 1947, the Supreme Court had come along and by interpretation had implied a portal-to-portal limitation. Then the courts of Nevada would say we follow the federal court's interpretation of federal law as applies to a similar Nevada law. But here it was an act of Congress that did that. Why would we infer that the legislature in Nevada would, without enacting anything, assume that their law picked up an amendment from Congress? And again, deja vu all over again. That was the same questions that were asked in the Vance case. And the answer requires understanding more about the portal-to-portal act. What happened was that this court, in the Mount Clemens Pottery case, said that there is time worked on an employer's premises that is not compensable. So you could show up for work and you're doing things like a post-liminary activity or a preliminary activity and this court held that's not all compensable unless it was integral and indispensable to a principal activity. All Congress did in the portal-to-portal act, after this court so ruled, the Supreme Court reversed this court and said no, we think any time on the employer's premises is compensable. And the question, I believe, from Judge Griffin to me last time I was here was, well, does this case rely upon a determination as to whether the portal-to-portal act was a clarification of Congress's original intent or a change to the law? And the answer to that question is reflected in 29 U.S.C. section 252. The cases you cite to us indicate that the courts of Nevada interpret state law similar to federal interpretations of the Fair Labor Standards Act. There's not a single case that says that when Congress amends a federal statute similar to a state statute, that somehow sub silentio the state statute's amended. But all Congress did by virtue of the portal-to-portal act was abrogate Supreme Court precedent. The portal-to-portal act did some other things as well, but as pertinent to this case and as the court determined in advance, what it was saying was that Supreme Court precedent, so what Congress intended was work and hours work as of 1938, 80 years ago, meant to exclude time that was not compensable. The cases say that the courts of Nevada look to the federal courts. You haven't cited one that says the courts of Nevada look to congressional additions to federal interpretations by the courts. Well, they look to the federal law. They look to if the statute is modeled after the federal law, and it was modeled after the Fair Labor Standards Act, which 40 years later everybody understood to exclude preliminary and post-preliminary activities. So in the context of what the legislature in Nevada and Arizona were considering was what does the FLSA provide? And it was well understood at that point in time in 1975 in Nevada, Arizona. Arizona didn't even adopt an overtime law. It only has a minimum wage law. There was no hue and cry in Arizona or Nevada. Certainly nothing in the record reflect that there was a need to dramatically depart from the federal definition of work and hours worked, that we needed to, in those states, expand the definition. They used the same exact words. And what I would say is that Mr. Buck is correct, that a state that wants to depart from the Portal to Portal Act, so does so. And California, as we'll talk about in the next argument, has a modest departure. Your position is, in other words, if a state wants to disagree with the federal law, even though a current law does, when the federal law is changed, it has to do something affirmative through legislation or else it's bound by a change in federal law through Congress. That really seems to me to impinge upon states' authority. No, what I'm saying, and I apologize if I'm not being clear enough, is that the nature of the Portal to Portal Act as a clarifying amendment to say what the FLSA always meant, because the Supreme Court got it wrong, is you are then, at that point, you are following the congressional statute. And if it wasn't a model statute, like, for example, the District of Columbia specifically has an ordinance that says, we are not following the Portal to Portal Act. California's wage order, which we're going to talk about in the next case, has a different language. It talks about the control by the employer. Absent that, and there are... Are you still asking us to take a federal amendment to a federal statute and say that somehow that also amended a state law? It didn't amend a state law. The state law was enacted... It's changing the definition of how the courts of Nevada interpret state law. No, because what we're doing is we're not, we're not, the Nevada and Arizona state laws came well after the Portal to Portal Act in the confines of an environment where everybody knew what, and the words are, work and hours work. The Nevada statute... What's that? The Nevada statute predates the Fair Labor Standards Act. Oh, no, it doesn't. It's been amended in between. No, no. The Nevada statute that deals with overtime was adopted in, I believe, 1975. The 1900s has nothing to do with wage and hours laws of this nature. Why wouldn't you just pick up the Portal to Portal Act if that's what you intended, if you were the Nevada legislature? Well, that's the same question that you could have asked of the Kentucky, in the Kentucky case, and, frankly, in every state in this country, other than California, and you've got the District of Columbia, no other state has seen fit to import the Portal to Portal Act. And the reason for that is it's generally understood that the Portal to Portal Act was just this clarifying amendment, and if you're just adopting the words hours work and hours work, then you're picking up, really, not just the statute, the Fair Labor Standards Act, but you're also picking up all of the interpretation thereafter, including 40 years after the Supreme Court's case was abrogated. What you're asking, what you're suggesting, Judge Sargas, or implying by the question is, or let me suggest what would be implied by the question. I'm not implying anything. So here's what the result of the analysis would be. We know that in 1946, the Supreme Court overrules this court and says any time on the employer's premises is compensable. We know that a matter of months later, Congress said, no, you got it wrong. So in a period of less than 12 months, the law of the land was that all time on the employer's premises was compensable. You would be saying that the, if we were to conclude that in Nevada, they intended to go back to what the law was under the Mount Clements Supreme Court case, that they looked at a snapshot in time of 80 years and said, it was our intention to pick that little sliver of time and say that's the law in Nevada. You're overlooking the fact that to do that, Congress passed an amendment, and the amendment is not found in the Nevada law. The only reason they had to pass the amendment is because the Supreme Court in one case got it wrong. Had the Supreme Court not gotten it wrong, there wouldn't have been the need for an amendment, and the law would have been that of the Sixth Circuit, and there would have been no question. In 1975, you wanted to adopt the Fair Labor Standards Act as a state law in Nevada. You would have picked up the Portal Act as well. But that could be said about every state in the country, and this, and I would say to you that there is not a, this would be the very first court ever to conclude that the postliminary activity of security screening, passing through security screening, was a compensable activity. If that were the case, there would have been a flood of litigation about this theory under the various state laws. And I will point out that the reason the Portal to Portal Act was passed and retroactively done so was to put an end to a flood of litigation that had created unanticipated liabilities. When the Ninth Circuit, in this very case, when it was there, before it got reversed at the Supreme Court, issued its decision, we were hit with a flood of litigation. And, in fact, that's why we got put into a multi-district litigation like we're in now, because there was so much litigation that was engendered. If Nevada or Arizona, the suggestion is that Nevada and Arizona were fine with a new flood of litigation. And the reality is, and Mr. Rospelli, who's from Nevada, can talk to this, this theory has never been advanced in Nevada. And you have a Nevada labor commissioner who is charged with enforcing the law in Nevada who has pronounced that we are going to follow the federal law. And it doesn't say we're going to follow the federal law except for the Portal to Portal Act. In fact, with regard to rounding and fluctuating work week rules, both of which find no, there's no language in the statute or regulation of Nevada that embody rounding or fluctuating work week rules. Both of which go to the heart of how you calculate time and how you calculate the regular rate of pay. But Nevada's enforcement agency says we are going to follow the federal pronouncements on that because that's what we do. We are modeled after the federal law. This reminds me of a couple of decisions that have come down from the United States Supreme Court just this year. Both of which refer to a statute, a canon of statutory construction that I think is particularly pertinent. And that is in the CYAN versus Beaver County case and the very recent EPIC systems arbitration case, the Supreme Court said that legislatures do not hide elephants in molehills. And here you have a legislature using the same exact words in the states as in the federal law. Ours worked and work. If they wanted to hide an elephant in a molehill, well, first of all, they wouldn't. But what they would do to capture that time is to do what California did and do what the District of Columbia did. And say, we are going to explain to folks who have been operating for the last 80 years, or in this case, maybe it was about 60 years, under a regime where post-liminary and preliminary work was not compensable, we are going to tell them in our state, it is. And there is no indication. And in fact, what you would find is that if Nevada or Arizona, if you were to conclude that Nevada and Arizona intended to count this time as compensable, that would be the first two states ever. And I will tell you that with the exception of District of Columbia and California, there, I believe, is no other state law, none, that has incorporated word-for-word at all. And I've done a survey of this, the Porter v. Portal Act. But yet each of those states have concluded that post-liminary time like this or preliminary time is not compensable. And Mr. Buck knows that in Washington, for example, where we've litigated in state court, that the state court judge there has found post-liminary time not compensable going through a security screening. And there is no language like the Porter v. Portal Act under Washington law. That's the Minna v. Amazon case. So what I would say, and also in interpreting the law, I think you have to apply the canon of construction that you don't want to interpret a law that would achieve absurd results. And that's what you would be doing here. Because think about this, if you were paying people at the end of the day as they walk through, I realize I'm at the end of my time, may I finish my statement? If you're paying people at the end of the day, and this is a point that we made in the Vance case, to walk through security screening, what it would incent people to do is to go slowly. The purposes of these wage and hour laws is to reward people or pay people for money that is an intrusion on their time. Take this in the light vein it's meant before I tell you this. That would be true of lawyers paid by the hour and judges paid by the hour too, right? I've made that observation myself, sarcastically and tongue-in-cheek. But the reality is what you'd be encouraging is people, and I'm not suggesting all employees would do this. I certainly wouldn't. I'd like to get home and get to see my kids. But there would be an incentive to go slowly out. It reminds me of the 1960s, 70s cartoon, The Chipmunks. No, I insist you first. That's what would be the incentive by virtue of the interpretation that would be the first of its kind under all state laws in this country. I'd like to turn over my time to Mr. Roskelley. Thank you. Good morning, Mayor. Please accord. My name is Rick Roskelley. I'm here on behalf of the Appellee Integrity Staffing. I wanted to first start off by agreeing 100% with everything that Mr. Rosenblatt has said in Amazon.com as advanced at this point. As Mr. Rosenblatt mentioned, back in 1938 when the FLSA was passed, in 1947 when the Portal to Portal Act clarified the meaning of work time, Nevada had no concept of hours worked or work. The only statutes on the books at that time dealing with wage and hour was the timing of the final paychecks, saying the final paychecks had to be paid within three days for employees who were involuntarily terminated and seven days for employees who were voluntarily terminated. Those were the only rules on the book. In fact, at the time, Nevada viewed employment law as a matter of contract, not a matter of wage and hour law. It wasn't until 1965 when Nevada first passed Nevada minimum wage and 1975 when they passed an overtime statute that the hours worked issue ever came up or ever became an issue. At that time, we have to assume that they adopted the same terminology, they had to have adopted the same interpretations of the terms hours worked as the FLSA with the clarification provided by the Portal to Portal Act. In fact, I can tell you as a practicing attorney in Nevada, I've been practicing for 31 years in Nevada, never have I seen the Nevada Labor Commissioner take a position or a Nevada court take a position that work time had any other meaning than that assigned by federal law. Never have I seen either one advance a position that the Portal to Portal Act clarification had been rejected by Nevada. In fact, it's clear that Nevada looks to federal law for interpretation, not only federal law, federal case law,  as Mr. Rosenblatt mentioned and as provided in our briefing, it is clear that the Nevada Labor Commissioner has adopted the rounding stack regulation, which is not found in the text of the FLSA, but they have adopted that and used that by analogy. They've also adopted the fluctuating work week, which again is a regulation and not a textual proposition in the FLSA. Those have both been adopted by analogy to help Nevada interpret its own statutes. And in this case, there is nothing indicating the work time would be defined any differently under Nevada law. I see my time is up unless I have any questions.  Thank you. What the Palines are arguing is something quite radical, which is essentially that unless a state passes some sort of law that expressly states that it will not follow federal law, then federal law necessarily is incorporated into the state statute. I mean, this is a groundbreaking thought that everything that Nevada does or Arizona does or California does or Washington does, unless the legislature specifically puts in a clause that says we do not follow federal law with respect to this particular provision, then federal law will govern. That impedes upon the state's sovereignty. It impedes upon the legislature's ability to be able to create laws in all 50 states. And we should respect the legislature's ability to create these laws and what they say is what they mean. There was a lot of discussion about Nevada's wage and hour statutes being modeled after the FLSA. Nothing could be further from the truth. There was no modeling going on in 1911 when the first statute was on the books with respect to wages, hours and payment. There was no modeling of the FLSA in 1919 when other statutes were similarly passed. Furthermore, we point to 1974 as being this groundbreaking moment, supposedly because that's when the Kentucky law was, I guess, passed and recognized in advance as being modeled after the FLSA. By 1974, Nevada had numerous statutes on the books with respect to wages, compensation and hours. And in a committee hearing, which we cite in our brief, the Nevada Labor Commissioner, in referencing statutes to be passed by the legislature and why it was important to pass these particular statutes, this one happened to be the overtime statute, said there are many workers in Nevada that the people in Washington have forgotten. Nevada has chosen to enact statutes that are more protective, not less protective. And when we look at these particular statutes in Nevada, we liberally construe them in favor of the employee. I respectfully submit that this court should reverse the lower court's decision and reinstate the proceedings below. Thank you. Thank you, counsel. The case will be submitted. The clerk may call the next case.